UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LABARGE REALTY, LLC, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:18-CV-1904 JAR ) |
| SAND DEVELOPMENT, LLC, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on the following motions: Plaintiffs' Motion to Remand (Doc. No. 6); Defendants SanD Development, LLC, LaBarge Coating, LLC and David Kersting's 12(b)(5) Motion to Dismiss and Defendants Suzanne Pawlow, David Kersting and LaBarge Coating, LLC's 12(b)(3) Motion to Dismiss and Defendants' Motion to Transfer Venue Pursuant to the First-Filed Rule (Doc. No. 11); and subject to Defendants' pending Rule 12(b) motions, Defendants' Motion to Dismiss and Alternatively Defendants' Motion to Transfer and Consolidate Pursuant to the First-Filed Rule and Further Alternatively to Consolidate under Local Rule 4.03 (Doc. No. 19). The motions are fully briefed and ready for disposition.

### I. Background

This lawsuit arises out of a decades-long business relationship between the parties. Plaintiff LaBarge C&R, LLC ("C&R") is a holding company owned by Pierre LaBarge that in turn owns 100% of Plaintiff LaBarge Realty, LLC ("Realty"), whose only asset is real property located in Houston, Texas. C&R and Realty are Missouri limited liability companies. Defendants Suzanne Pawlow ("Pawlow") and David Kersting ("Kersting") are officers of both C&R and Realty and members and managers of Defendant SanD Development, LLC ("SanD"), a Texas

1

limited liability company. Defendant LaBarge Coating, LLC ("Coating") is a Missouri limited liability company whose sole member is SanD. Coating is a pipe coating, processing and storage business that operates on Realty's property in Texas (the "Sheldon Property") pursuant to a lease agreement (the "Sheldon Lease"). Pawlow is a citizen of Illinois; Kersting is a citizen of Missouri.

On September 14, 2018, SanD and Coating (the "Texas plaintiffs") filed suit against C&R, Realty, and their owner Mr. LaBarge (the "Texas defendants") in Texas state court alleging twelve causes of actions arising out of the Sheldon Lease as well as other agreements (the "Texas lawsuit"). C&R and Realty were served with process on September 28, 2018.

On October 9, 2018, Realty and C&R filed this action in the Circuit Court of St. Louis County, Missouri against SanD, Pawlow, Kersting, and Coating asserting claims for breach of fiduciary duty, fraud, tortious interference with business expectancy, unjust enrichment, breach of the implied covenant of good faith and fair dealing, rescission and declaratory relief (the "Missouri lawsuit").

On October 22, 2018, the Texas defendants (Plaintiffs herein) removed the Texas lawsuit to the Southern District of Texas and then moved to dismiss and/or transfer the case to the Eastern District of Missouri pursuant to a forum selection clause.

On November 8, 2018, Pawlow removed the Missouri lawsuit to this Court based on diversity of citizenship of the parties. Plaintiffs move to remand pursuant to the "forum defendant rule," 28 U.S.C. § 1441(b)(2)[1], arguing this Court lacks jurisdiction because they

---

[1] Under the forum defendant rule:

"A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title many not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). (Emphasis added).

named SanD, Kersting, and Coating, all Missouri defendants. Defendants maintain the forum defendant rule does not apply because they were not served at the time of removal, citing Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005).

On December 4, 2018, Defendants filed their motion to dismiss for improper service pursuant to Rule 12(b)(5) and improper venue pursuant to Rule 12(b)(3) and motion to transfer this case to the Southern District of Texas pursuant to the "first-filed" rule.

On December 17, 2018, the Southern District of Texas transferred the Texas lawsuit to the Eastern District of Missouri, where it was assigned to District Judge Hamilton, Case No. 18-CV-2090 JCH. Defendants have now moved to dismiss, stay or transfer the instant action based on the "first-filed" rule. Alternatively, Defendants seek consolidation of the two cases pursuant to Rule 42 and Local Rule 4.03. Plaintiffs do not oppose consolidation.

Defendants urge the Court to delay ruling on Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss and Motion to Transfer until after it rules on Defendants' Motion to Dismiss, and Alternatively, Defendants' Motion to Transfer and Consolidate Pursuant to the First-Filed Rule, and Further Alternatively to Consolidate Under Local Rule 4.03. (Doc. No. 29 at 2). Because the Court must be satisfied that it has jurisdiction before it turns to the merits of the parties' other legal arguments, Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006), the Court will address Plaintiffs' motion to remand first.

## II. Legal Standard

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Madderra v. Merck Sharpe & Dohme Corp., No. 4:11CV1673, 2012 WL 601012, at *1 (E.D. Mo. Feb. 23, 2012) (quoting Manning v. Wal–Mart Stores East, Inc., 304 F. Supp.2d 1146, 1148 (E.D. Mo. 2004)). The party

3

seeking removal and opposing remand has the burden of establishing jurisdiction by a preponderance of the evidence. Id. (citing Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009)). See also Nicely v. Wyeth, Inc., No. 4:11CV338 CDP, 2011 WL 2462060 at *2 (E.D. Mo. Jun. 17, 2011).

The forum defendant rule, 28 U.S.C. § 1441(b), makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff. Brake v. Reser's Fine Foods, Inc., No. 4:08CV1879 JCH, 2009 WL 213013, at *1 (E.D. Mo. Jan. 28, 2009) (citing Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir.1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State)). Under § 1441(b), a defendant can remove a case based on diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005); Horton, 431 F.3d at 604 (quoting 28 U.S.C. § 1441(b)); Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981) (28 U.S.C. § 1441(b) "further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought"). Federal courts lack diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. Hinkle v. Norfolk Southern Ry., 2006 WL 2521445, *2 (E.D. Mo. Aug. 29, 2006) (citations omitted). "[T]he violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.' " Horton, 431 F.3d at 605 (quoting Hurt, 963 F.2d at 1146).

### III. Parties' arguments

In support of remand, Plaintiffs argue the forum defendant rule prevents removal because all three Missouri defendants had been served before Pawlow filed her notice of removal. (Doc.

4

No. 7 at 3-4). Citing Missouri Supreme Court Rule 54.13(b)(3), Plaintiffs contend that both LLCs - SanD and Coating - were served on October 19, 2018 by delivering copies of the summons and petition to their shared office, where they were accepted by Geri Levery, who identified herself as the office manager. Rule 54.13(b)(3) provides that a "corporation, partnership, or other unincorporated association" can be served by leaving a copy of the summons and petition "at any business office of the defendant with the person having charge thereof[.]" Rule 54.13(b)(3). Plaintiffs submit the affidavit of their process server Charles Clark attesting that service was effected by delivering the summons with petition on October 19, 2018 at 9:30 a.m. to "SanD Development LLC c/o office manager Levery." (Affidavit of Special Process Server, Doc. No. 7-2). Plaintiffs also submit a declaration from Clark stating that on the morning of October 19, 2018, he drove to the corporate offices for LaBarge Coating and SanD Development located in the Metropolitan Square Building, 211 N. Broadway, St. Louis, Missouri 63102. (Declaration of Charles Clark ("Clark Decl."), Doc. No. 7-1 at ¶ 3). Upon entering the shared office, he met Ms. Levery. Clark told her he had two summonses to serve on the companies, and asked her position. She responded that she was the office manager. He then handed her a copy of the summonses with petition for LaBarge Coating and SanD Development. Ms. Levery looked at both summonses and stated, "Yes, I can take these." (Id.).

As for Kersting, Plaintiffs contend that his multiple refusals to accept service constitute service under Missouri Supreme Court Rule 54.20(f). In his declaration, Clark states that on October 18, 2018, he made his first attempt at serving Kersting at his home in O'Fallon, Missouri that but no one answered the door. (Id. at ¶ 2). On the morning of October 19, 2018, Clark made another unsuccessful attempt at Kersting's home. (Id. at ¶ 3).

Clark further states that over the next two weeks, he made "numerous attempts" at service at Kersting's home, both in the morning and the evening, on weekdays and weekends. (Id. at ¶ 4). On the morning of November 6, 2018, he arrived early at Kersting's home. He saw movement inside and a person who looked like Kersting, who refused to come to the door. Clark returned to his car to wait. A while later, he walked back to the house and knocked on the door while shouting Kersting's name. Kersting peeked at him through the blinds but never came to the door. (Id. at ¶ 5). Clark then left and drove to the corporate offices at Metropolitan Square. He entered the office around 10 a.m. and was told by Ms. Levery that Kersting was unavailable. (Id. at ¶ 6). When he asked if Kersting was in the office. Ms. Levery responded that Kersting was there, but that she had been told not to accept anything and that Kersting would not come out to accept anything. (Id.). The following day, November 7, 2018, Clark, accompanied by a St. Louis City police officer, returned to the Metropolitan Square offices whereupon Ms. Levery informed him that Kersting was not there. (Id. at ¶ 7).

Relying on Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147 (3rd Cir. 2018), Pawlow responds that removal by a non-forum defendant where a forum defendant has been named but not served does not violate the forum defendant rule. (Doc. No. 15 at 3-6). Pawlow contends that Plaintiffs did not properly serve SanD or Coating because section 347.033 of the Missouri Limited Liability Act, and not Missouri Supreme Court Rule 54.13(b)(3), controls the procedure for service of process on a LLC. (Id. at 6-8). Section 347.033 provides that service on an LLC can be made on the LLC's registered agent, § 347.033.1 R.S. Mo.; an "authorized person"[2]; or if neither the registered agent nor an authorized person can be located in

---

[2] An "authorized person" is defined as a manager or member of the LLC. §347.015(2), R.S. Mo.

6

the exercise of due diligence, then on an "organizer,"[3] § 347.033.2 R.S. Mo. Section 347.033 also provides a catch-all for service on an LLC in the event a plaintiff exercises due diligence in attempting to serve each of those three individuals and cannot effect service. In that case, a plaintiff may serve the LLC through the Secretary of State, § 347.033.3 R.S. Mo.

Pawlow argues that Plaintiffs' claim that service was effected on SanD and Coating by serving Ms. Levery fails because she is not an individual specified in § 347.033, i.e., registered agent, authorized person, or organizer. See Manzella v. Dorsey, 258 S.W.3d 501, 504 (Mo. Ct. App. 2008) (holding that process was not properly served on the defendant LLC (a law firm) by serving a legal assistant who was not the firm's registered agent or organizer and who avowed in an affidavit that she was not an authorized agent to receive service of process for the law firm); Schimweg v. Teitelbaum, No. 4:05CV416MLM, 2005 WL 3797364, at *2 (E.D. Mo. June 8, 2005) (service improper where affidavit of person served established she was not a registered agent, member, employee or authorized agent as required by statute).

Pawlow submits a declaration from Ms. Levery stating she is the receptionist at Coating's corporate office and that her job responsibilities include answering phones, greeting visitors, providing driving or parking directions, copying, filing and calendaring appointments. (Declaration of Geri Levery ("Levery Decl."), Doc. No. 16 at ¶¶ 3, 4). Ms. Levery further states she is not an authorized agent, member, director, officer, executive, manager or key decision-maker of either Coating or SanD. (Id. at ¶¶ 5-10). According to Ms. Levery, Plaintiffs' process server entered Coating's offices in plain clothes and appeared to be a courier. He approached her and told her he had "some papers" for Pawlow. Because it was common to receive documents

---

[3] An "organizer" is defined as any of the signers of the articles of organization for an LLC. § 347.015(14), R.S. Mo.

7

via courier, Ms. Levery told him she could take them. After looking at the documents, however, she recognized they were legal documents and told him she was not authorized to accept them. She asked the process server to wait so she could locate Pawlow for him. According to Ms. Levery, when she returned with Pawlow, he was gone. (Id. at ¶ 11a.).

As for Kersting, Pawlow states that in order for there to be service under Missouri Supreme Court Rule 54.20(f), "the offer of the server to deliver copies of process and the refusal of the person to receive the copies must be shown on the server's return." Russ v. Russ, 39 S.W.3d 895, 897 (Mo. Ct. App. 2001) (citing State ex rel. Plaster v. Pinnell, 831 S.W.2d 949, 951 (Mo. Ct. App. 1992)). Pawlow argues that the declaration of Plaintiffs' process server lacks specificity in terms of time and place and fails to reflect that he offered to deliver or that Kersting refused to physically accept copies of the summons and petition. (Doc. No. 15 at 11-13).

Pawlow submits a declaration from Kersting stating he was in Houston, Texas on October 18 and 19, 2018; at the polls voting on the morning of November 6, 2018 and thus not at home; at a meeting at Enterprise Bank later in the morning of November 6, 2018 and thus not at Coating's Missouri office; that neither the process server, nor a St. Louis police officer, nor any other unplanned visitors or guests came to Coating's Missouri office on November 7, 2018; and that he was not at Coating's Missouri office at any time on November 8, 2018. (Declaration of David Kersting ("Kersting Decl."), Doc. No. 16-1 at ¶¶ 10 a.-e.).

In reply, Plaintiffs argue that a process server's return of service is prima facie evidence of the facts recited therein and that Ms. Levery's declaration fails to show by clear and convincing evidence that service on SanD and Coating was improper. In particular, her

8

declaration lacks any statement that she was not in charge of Coating's office.[4] (Doc. No. 17 at 5). Plaintiffs submit a second declaration from Clark stating it is not his practice to leave papers with someone who expressly states she is not authorized to accept them. Moreover, when someone indicates they are not authorized to accept service on behalf of the company, it is his practice to ask who is authorized and wait for that person. (Declaration of Charles Clark ("Clark Decl. 2"), Doc. No. 17-1 at ¶¶ 3-4).

As for Kersting, Plaintiffs argue that despite his claim that he was at the polls the morning of November 6, Clark arrived at Kersting's home that morning at 5 a.m. - before the polls opened - and stayed until 7:45 a.m. No one entered or left the home during that time. (Id. at ¶ 8). Around 7 a.m., Clark saw a light come on in what he believed to be a bedroom on the ground floor. He saw a "middle-aged man" inside getting dressed. Clark walked up to the house, knocked on the door, and began calling Mr. Kersting's name while waving the service papers. Kersting saw him outside and refused to answer the door. (Id. at ¶ 10). This, Plaintiffs argue, strongly suggests that Kersting was indeed home, aware of their process server's presence and reason for being there, and refused to accept service. (Doc. No. 17 at 8-9).

## IV. Discussion

With respect to SanD and Coating, there is no exclusive means for service on an LLC. Although § 347.033 of the Missouri Limited Liability Act provides that process may be served on the LLC's registered agent, an authorized person, or if neither the registered agent nor an

---

[4] The Court notes that in support of their motions to dismiss and transfer pursuant to the first-filed rule, Defendants submitted another declaration from Ms. Levery stating simply that she was not the person in charge of the office on October 19, 2018; rather, Pawlow was the person in charge. (Declaration of Geri Levery ("Levery Decl. 2"), Doc. No. 29-1 at ¶¶ 2, 3).

9

authorized person can be located in the exercise of due diligence, then on an organizer, the Act expressly respects methods of service provided by other law:

> Nothing contained in this section shall limit or affect the right to serve any process, notice or demand required or permitted by law to be served upon a limited liability company in any other manner now or hereafter permitted by law.

§ 347.033.3. Such other law is typically found in a state's rules or statutes governing civil procedure and in the Federal Rules of Civil Procedure, Fed. R. Civ. P. 4(h). See Bishop & Kleinberger, Limited Liability Companies: Tax and Business Law ¶ 7.10, 2012 WL 5928198, at *6 (Nov. 2018); see also Bursey v. Black Rock Enters., No. CV98-03565185, 1999 WL 74026, at *1 (Conn. Super. Ct. Feb. 4, 1999); Little v. Mackeyboy Auto, LLC, 62 A.3d 1164, 1167 (Conn. Ct. App. 2013).

Missouri Supreme Court Rule 54.13 provides the methods for personal service within the state. It is similar to § 506.150, RS Mo. 15 Mo. Prac. § 54.13:1 (2018 ed.). Under Rule 54.13(2), personal service on corporations, partnerships, and other unincorporated organizations can be made by personal delivery at the office to a person in charge of a business office of the defendant. "Any employee, even a clerical employee, can receive service of process on behalf of an employer if, in fact, the employee was in charge of the office at the time of service." Kitchens v. Missouri Pacific R. Co., 737 S.W.2d 219, 222 (Mo. Ct. App. 1987) (citing Kennon v. Citizens Mut. Ins. Co., 666 S.W.2d 782 (Mo. Ct. App. 1983)).

When, as here, a party uses a special process server, that party bears the burden of showing that all of the procedural requirements for proper service have been met. Maul v. Maul, 103 S.W.3d 819, 821 (Mo. Ct. App. 2003). Missouri Supreme Court Rule 54.20(a)(2) provides that if service of process is made "by a person other than an officer[,] such person shall make an affidavit as to the time, place and manner of service thereof." Clark's affidavit and declaration

10

provides the time, place, and manner of service and certifies that he effected service on SanD and Coating by personally delivering a copy of the summons and petition to SanD Development LLC c/o Officer Manager Levery at 211 N. Broadway Suite 3050 St. Louis, MO 63102 at 9:30 a.m. on October 19, 2018. (Doc. No. 7-2).

The Eighth Circuit has held that a signed return of service constitutes prima facie evidence of valid service, "which can be overcome only by strong and convincing evidence." Greater St. Louis Const. Laborers Welfare Fund v. Little, 182 F.R.D. 592 (E.D. Mo. 1998) (quoting Hicklin v. Edwards, 226 F.2d 410, 414 (8th Cir. 1955)); see also Morris v. Wallach, 440 S.W.3d 571, 578 (Mo. Ct. App. 2014). "In Missouri, clear and convincing evidence is that which tilts the scales in the affirmative when weighted against evidence in opposition; evidence which clearly convinces the fact finder of the truth of the proposition to be proved." Cook v. Polineni, 967 S.W.2d 687, 690–91 (Mo. Ct. App. 1998) (quoting In the Interest of J.A.J., 652 S.W.2d 745, 748 (Mo. Ct. App. 1983)) (internal quotation marks omitted). See also Van Vooren v. Schwarz, 899 S.W.2d 594, 595 (Mo. Ct. App. 1995) ("Clear and convincing evidence corroborating the denial of the party alleged to have been served is necessary to impeach the verity of the return."). Here, Pawlow's only evidence contradicting the return of service is Ms. Levery's declaration that she is the receptionist (Levery Decl. at ¶¶ 3, 4) and was not in charge of the office on October 19, 2018, the day of service (Levery Decl. 2 at ¶¶ 2, 3). The Court finds and concludes this is insufficient to overcome the presumption of proper service.

The forum defendant rule prohibits removal from state court if any of the parties, properly joined and served as defendants in the action, are citizens of the state in which the plaintiff filed the lawsuit. Here, it appears there was service on SanD and Coating - both Missouri LLCs - prior to Pawlow removing the case. Because a violation of the forum defendant

11

rule is a jurisdictional defect in the Eighth Circuit, see Horton, 431 F.3d at 604-05, this Court lacks subject matter jurisdiction over this matter and remand is required.

In light of its ruling, the Court need not reach the issue of service with respect to Kersting. In any event, the Court finds Clark's declaration chronicling his "numerous attempts" at service over a two-week period at Kersting's home, both in the morning and the evening, on weekdays and weekends, satisfies the requirements of Rule 54.20 for valid and effective service of process. See Russ, 39 S.W.3d 895, where a return, stating that an officer attempted to serve an individual who worked in a secure building and spoke to her from the lobby, and that she refused to come to the lobby and accept service, sufficiently established that the officer offered to personally serve her. Kersting's uncorroborated declaration is insufficient to overcome the presumption of proper service.

## V.  Conclusion

Because the Court lacks subject matter jurisdiction over this action, Plaintiffs' motion to remand will be granted and Defendants' pending motions to dismiss, stay or transfer the instant action based on the "first-filed" rule or alternatively, to consolidate pursuant to Rule 42 and Local Rule 4.03 will be denied without prejudice as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that Defendants SanD Development, LLC, LaBarge Coating, LLC and David Kersting's 12(b)(5) Motion to Dismiss and Defendants Suzanne Pawlow, David Kersting and LaBarge Coating, LLC's 12(b)(3) Motion to Dismiss and

Defendants' Motion to Transfer Venue Pursuant to the First-Filed Rule [11] is **DENIED** without prejudice as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss and Alternatively Motion to Transfer and Consolidate Pursuant to the First-Filed Rule and Further Alternatively to Consolidate under Local Rule 4.03 [19] is **DENIED** without prejudice as moot.

Dated this 9th day of May, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE